-CV-60P
-Fee Due

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 1 2 2021

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DVF ___ DEPUTY

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: CENTRAL DISTRICT |
|---|---|

| Name (under which you were convicted): HUY TRONG TRAN | Docket or Case No.: 8:21-CV-00884-VBF (JPR) |
|---|---|

| Place of Confinement: ORANGE COUNTY JAIL | Prisoner No.: #3161919 / CDCR# AB1640 |
|---|---|

| Petitioner (include the name under which you were convicted) HUY TRONG TRAN | v. | Respondent (authorized person having custody of petitioner) CDCR, ET. AL. |
|---|---|---|

| The Attorney General of the State of: CALIFORNIA |
|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   SUPERIOR COURT STATE OF CALIFORNIA COUNTY OF ORANGE

   (b) Criminal docket or case number (if you know): 07WF2294

2. (a) Date of the judgment of conviction (if you know): 11/12/08

   (b) Date of sentencing: 8/28/09

3. Length of sentence: 27 YEARS-TO-LIFE

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: (2) COUNTS OF ATTEMPTED PREMEDITATED MURDER (P.C. 664(a)/187(a)); (2) COUNTS OF ASSAULT WITH A FIREARM (P.C. 245(b); (1) COUNT OF DISCHARGING FIREARM AT OCCUPIED VEHICLE (P.C. 246); (1) COUNT OF FELON POSSESSION OF FIREARM (P.C. 12021(a)(1)); (1) COUNT MISDEMEANOR BATTERY (P.C. 243(e)(1); PERSONAL USE AND DISCHARGE OF FIREARM (P.C. 12022.5 and 12022.53(c)

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty   ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty   ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes   ☐ No

8.   Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: COURT OF APPEALS - CALIFORNIA 4 DIST, DIV. 3

(b) Docket or case number (if you know): N/A

(c) Result: DENIED

(d) Date of result (if you know): N/A

(e) Citation to the case (if you know): N/A

(f) Grounds raised:

I DONT KNOW IT OR HAVE IT WITH ME. I WASNT ALLOWED TO BRING ANY OF MY PAPERWORK OR PROPERTY WITH ME TO COUNTY SHERIFF'S CUSTODY AS EXPLAINED IN DECLARATION

(g) Did you seek further review by a higher state court? ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: SUPREME COURT OF CALIFORNIA

(2) Docket or case number (if you know): N/A

(3) Result: DENIAL

AO 241 (Rev. 09/17)

(4) Date of result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised:

AS EXPLAINED ABOVE AND IN DECLARATION

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: DENIED

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: SUPERIOR COURT ORANGE COUNTY CALIFORNIA

(2) Docket or case number (if you know): M-18517, M-18714

(3) Date of filing (if you know):

(4) Nature of the proceeding: HABEAS CORPUS PETITION

(5) Grounds raised: CDCR, BPH, CALIFORNIA STATE COURTS DENYING PETITIONER MANDATORY DETERMINATE TERM CREDITS OF 15% OFF SENTENCE. NOW RETROACTIVE 20% IN RECENT PROP 57 BILL, BEGINS ON 5/1/17. FINALIZED PROVISIONS MADE @ MAY 2019 PRISON CREDIT RULES FOUND IN TITLE 15 OF CALIFORNIA CODE OF REGULATIONS (CCR). PROPOSITION 57, PASSED BY VOTERS IN NOVEMBER 2016, CREATED ARTICLE I, SECTION 32 OF THE CALIFORNIA CONSTITUTION. (SEE EXHIBIT A)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: DENIED

AO 241 (Rev. 09/17)

(8) Date of result (if you know):  6/19/20

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:  COURT OF APPEAL - CALIFORNIA 4 DIST, DIV 3

(2) Docket or case number (if you know):  G059649  (EXHIBIT B)

(3) Date of filing (if you know):

(4) Nature of the proceeding:  HABEAS CORPUS PETITION

(5) Grounds raised:

SAME AS ABOVE #11

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:  ~~DENIAL~~ SUMMARY DENIAL (EXHIBIT B)

(8) Date of result (if you know):  11/25/20

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:  CALIFORNIA SUPREME COURT

(2) Docket or case number (if you know):  S266314  (~~EXHIBIT B~~)

(3) Date of filing (if you know):

(4) Nature of the proceeding:  PETITION FOR REVIEW  (EXHIBIT D)

(5) Grounds raised:

SAME AS QUESTION #11. WAS DENIED WITHOUT PREJUDICE.
PETITIONER THEN TRIES TO FILE "PETITION FOR REHEARING AND RE-REVIEW" THAT
THE SUPREME COURT MIGHT BE ENTITLED TO ANY RELIEF TO A CASE THE
COURT HAD ALREADY RULED ON UPON OVER A YEAR AGO. PETITIONER TRIES TO
REFILE BUT GETS DENIED THAT "REST ASSURED" COURT CONSIDERED THE
PETITION. (EXHIBIT E). IF IT HAD IT WOULDN'T HAVE REFERENCED A
CASE THAT ALREADY ~~DENIED~~ GRANTED, BUT DENY PETITIONER'S PETITION
THAT IT COULD GET RELIEF AFTER COURT DECIDES IN RE
MOHAMMAD, S259999. ~~(EXHIBIT E)~~

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: DENIED WITHOUT PREJUDICE (EXHIBIT C)

(8) Date of result (if you know): 2/17/21

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No

(2) Second petition:   ☒ Yes   ☐ No

(3) Third petition:   ☒ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** CDCR, B.P.H, CA. STATE COURTS DENYING PETITIONERS' RIGHTS TO MANDATORY DETERMINATE SENTENCING LAWS FOR 20% CREDITS OFF SENTENCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHMENT NEXT PAGE

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

CDCR, BPH, CALIFORNIA STATE COURTS, AND ORANGE County, denying petitioners' right to mandatory determinate sentencing laws for 20% of sentence.

Petitioner was found guilty of (2) counts of premeditated attempted murders [CA. Pen. C. §664(a)/§187(a)]; (2) counts of assault with firearm [CA. Pen. C. §245(b)]; (1) count of discharging a firearm at an occupied vehicle [CA. Pen. C. § 246]; (1) count of possession of firearm by a felon [CA. Pen. C. §12021(a)(4)]; (1) misdemeanor count of battery [CA. Pen. C. §243(e)(1)]. Petitioner was also found true of offenses through the personal use and discharge of a firearm [CA. Pen. C. § 12022.5, § 12022.53(c)].

Sometime in May 2020, petitioner filed a California State habeas corpus petition asserting CDCR, BPH, C.A. State Courts, and County of Orange denying petitioners' right to mandatory determinate sentencing laws for 20% credit towards sentence. denying petition on June 19, 2020 (EXHIBIT A )

Around September petitioner appealed to court of Appeal of the State of California Fourth Appellate District Division Three. Given case # G059654. denied on November 25, 2020 (EXHIBIT B )

Petitioner filed for "petition for Review" in the California Supreme Court on December 28, 2020. Was denied on February 17, 2021 stating "The petition for review is denied without prejudice to any relief to which defendant might be entitled after this court decides In Re Mohammad, S259999." In which

1   the California Supreme Court had already decided and
2   granted relief to Mohammad the year before In
3   Feburary 2019 (EXHIBIT C&D) yet fails to give
4   petitioner any relief on merits.
5              Petitioner tries to submit telling Supreme Court
6   that it already granted relief to Mohammad, yet still
7   says "might" be entitled to any relief after court
8   decides Mohammad"... To rehear and re-review on
9   March 22, 2021 stating "The order of this court filed
10  Feburary 17, 2021, denying the above-referenced petition,
11  was final forthwith and may not be reconsidered
12  or reinstated. Please rest assured, however, that
13  the entire court considered the petition the
14  petition for review, and the contentions made
15  therein and the denial expresses the courts decision
16  in this matter" (EXHIBIT E )
17             Petitioner filed a petition in April 2017 for
18  erroneously calculation. Justice Cheri Pham denies
19  petitioner on April 26, 2017, case # M-16992
20  (EXHIBIT F ). Justice Pham state's " Petitioner was
21  sentenced to an indeterminate life term of
22  imprisonment with the possibility of parole for
23  attempted premeditated murders. A consecutive
24  determinate term of 20 years in state prison was
25  imposed as a result of petitioner personally
26  discharging a firearm during the commission of
27  attempted premeditated murders. Petitioner must
28  serve and complete the 20 year determinate

term of imprisonment before he can begin serving his indeterminate term". (EXHIBIT "F", Page 2, lines 12-18)

Petitioner has been denied of 15% Credit for last 10 years and since its changed to 20% due to Prop 57 it hasn't changed either. Petitioner been incarcerated since 2007 and goes to for eligible for youth offender parole board in October 2026. (EXHIBIT "G") Not giving petitioner any crediting for determinate term.

Under California Penal Code §3051(a)(2)(B) youth offender parole hearings, "Controlling Offense" the offense or enhancements for which any sentencing court imposed the longest term of imprisonment" (P.C. §3051(a)(2)(B). Which is petitioners P.C. §12022.53(c) sentencing of 20 years mandatory 20% retroactive credit.

Petitioner pleads that the honorable Justices of federal district court entertain the petition and grants relief. gives credit.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: 5/9/21                    RESPECTFULLY,
                                HUY TRONG TRAN

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: HABEAS CORPUS PETITION

    Name and location of the court where the motion or petition was filed: SUPERIOR COURT OF

CALIFORNIA COUNTY OF ORANGE

    Docket or case number (if you know): M-18517

    Date of the court's decision: 6/19/20

    Result (attach a copy of the court's opinion or order, if available): EXHIBIT A

_____

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

    (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: COURT OF APPEALS OF STATE OF

CALIFORNIA FOURTH DISTRICT DIVISION THREE

    Docket or case number (if you know): E059654

    Date of the court's decision: 11/25/20

    Result (attach a copy of the court's opinion or order, if available): EXHIBIT B

_____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: Violation of equal protection from cruel and unusual punishment and due process rights. Violation of determinate sentencing laws crediting and making petitioner do 100% of sentence

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?           ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____
_____
_____

(c)    **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ❑  Yes    ❑  No

   (2) If you did not raise this issue in your direct appeal, explain why: _____
   _____

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ❑  Yes    ❑  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____
   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____
   _____
   _____

   (3) Did you receive a hearing on your motion or petition?                         ❑  Yes    ❑  No

   (4) Did you appeal from the denial of your motion or petition?                    ❑  Yes    ❑  No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑  Yes    ❑  No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____
   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____
   _____
   _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ❏   Yes   ❏   No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes   ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                  ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?             ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☒ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?       ☐ Yes   ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   5 / 9 / 21   (month, date, year).

Executed (signed) on   5 / 9 / 21   (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

EXHIBITS FOR 2254

PETITION AND 1983 CIVIL

RIGHTS SUIT



# FILED

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

### JUN 1 9 2020

DAVID H. YAMASAKI, Clerk of the Court

BY:_____M. RAHN_____,DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

In re HUY TRONG TRAN,

Petitioner,

ON HABEAS CORPUS.

Orange County Superior Court
Case Number: M-18517
(07WF2294)

**ORDER DENYING
HABEAS CORPUS**

**TO THE OFFICE OF THE CALIFORNIA ATTORNEY GENERAL AND PETITIONER:**

HAVING REVIEWED THE ABOVE CAPTIONED PETITION FOR WRIT OF HABEAS
CORPUS, THE COURT ISSUES THE FOLLOWING ORDER:

Petitioner is presently serving an indeterminate term of 20 years to life in state

prison with the possibility of parole imposed in 2009 following petitioner's conviction by

a jury on two counts of attempted premeditated and deliberate murder [Pen. Code, §

664(a)/§ 187(a)], two counts of assault with a firearm [Pen. Code, § 245(b)], one count

of discharging a firearm at an occupied vehicle [Pen. Code, § 246], one count of

possession of a firearm by a felon [Pen. Code, § 12021(a)(1)], and one misdemeanor

count of battery [Pen. Code, § 243(e)(1)]. Petitioner was also found to have committed

a number of the offenses through the personal use and discharge of a firearm [Pen.

Code, § 12022.5, § 12022.53(c)]. At sentencing, petitioner was awarded 792 total days

of pre-sentence credit for time served. The judgment was affirmed on appeal.

1

1    Petitioner, in pro per, seeks habeas corpus relief claiming the California

2    Department of Corrections and Rehabilitation is violating petitioner's constitutional right

3    to due process, equal protection, and freedom from cruel and unusual punishment by

4
5    illegally basing petitioner's eligibility date for a youth offender parole hearing upon

6    petitioner's completion of 100% of his indeterminate life term rather than upon

7    completion of 80% of his determinate 20 year sentence.  Petitioner contends he should

8    be eligible for a youth offender parole hearing in 2023 rather than 2026 as calculated by

9    the Department of Corrections and Rehabilitation.

10    A habeas "petitioner bears a heavy burden initially to plead sufficient grounds for

11
12    relief, and then later to prove them." (*In re Bacigalupo* (2012) 55 Cal.4th 312, 332.) "To

13    satisfy the initial burden of pleading adequate grounds for relief, an application for

14    habeas corpus must be made by petition, and if the imprisonment is alleged to be

15    illegal, the petition must also state in what the alleged illegality consists.  The petition

16    should both (i) state fully and with particularity the facts on which relief is sought as well

17    as (ii) include copies of reasonably available documentary evidence supporting the

18
19    claim, including pertinent portions of trial transcripts and affidavits or declarations.

20    Conclusory allegations made without any explanation of the basis for the allegations do

21    not warrant relief, let alone an evidentiary hearing." (*People v. Duvall* (1995) 9 Cal.4th

22    464, 474-475.)

23    "A youth offender parole hearing is a hearing by the Board of Parole Hearings for

24    the purpose of reviewing the parole suitability of any prisoner who was 25 years of age

25    or younger, or was under 18 years of age as specified in paragraph (4) of subdivision

26
27    (b), at the time of the controlling offense." (Pen. Code, § 3051(a).) "A person who was

28    convicted of a controlling offense that was committed when the person was 25 years of

2

1   age or younger and for which the sentence is a life term of less than 25 years to life

2   shall be eligible for release on parole at a youth offender parole hearing during the

3   person's 20th year of incarceration.  The youth parole eligible date for a person eligible

4
5   for a youth offender parole hearing under this paragraph shall be the first day of the

6   person's 20th year of incarceration." (Pen. Code, § 3051(b)(2).) ""Controlling offense"

7   means the offense or enhancement for which any sentencing court imposed the longest

8   term of imprisonment." (Pen. Code, § 3051(a)(2)(B).)

9        The petition is without merit and denied on this basis.  Petitioner was sentenced

10   in 2009 to an indeterminate life term for attempted premeditated and deliberate murder.

11   Petitioner's indeterminate life term is the component of petitioner's aggregate state

12   prison sentence that constitutes the longest term of imprisonment.  "An indeterminate

13   sentence is in legal effect a sentence for a maximum term, i.e., for life." (*People v. Dyer*

14

15   (1969) 269 Cal.App.2d 209, 214.)  Petitioner will be eligible for a youth offender parole

16   hearing upon completing 20 years of his state prison sentence.  (Pen. Code, §

17   3051(b)(2).)  The Department of Corrections and Rehabilitation's calculation of a 2026

18   eligibility date for petitioner's youth offender parole hearing is not shown to be

19

20   erroneous nor in violation of petitioner's constitutional rights.

21        No prima facie case for relief is established.  An order to show cause will issue

22   only if petitioner has established a prima facie case for relief on habeas corpus.

23   (*People v. Duvall, supra,* 9 Cal.4th at 475.)

24        The petition for writ of habeas corpus is DENIED.

25

26

27   Dated: 6 - 19 - 20                              KIMBERLY MENNINGER
                                                Judge of the Superior Court
28

                                   3

EXHIBIT

B

G059654
In re HUY TRONG TRAN on Habeas Corpus

Superior Court of Orange County

Appellate Defenders, Inc.
District Attorney
Department of Corrections

Office Of The State Attorney General
P O Box 85266
San Diego, CA 92186-5266

The Superior Court of Orange County
Dept. C 5
700 Civic Center Dr West
Santa Ana, CA 92701

**Huy Trong Tran**
**CDC #: AB1640       Booking #: 3161919**
**Theo Lacy Facility**
**501 S City Drive**
**Orange, CA 92868**

Court of Appeal, Fourth Appellate District, Division Three

Kevin J. Lane, Clerk/Executive Officer

Electronically FILED on 11/25/2020 by Sandra Mendez, Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re HUY TRONG TRAN | G059654 |
| on Habeas Corpus. | (Super. Ct. No. 07WF2294) |
| | O R D E R |

THE COURT:*

    The petition for a writ of habeas corpus is DENIED.

O'LEARY, P. J.

*  Before O'Leary, P. J., Ikola, J., and Thompson, J.

# EXHIBIT

# C

SUPREME COURT
FILED

Court of Appeal, Fourth Appellate District, Division Three - No. G059654   FEB 1 7 2021

**S266314**

Jorge Navarrete Clerk

# IN THE SUPREME COURT OF CALIFORNIA

Deputy

### En Banc

---

In re HUY TRONG TRAN on Habeas Corpus.

---

The petition for review is denied without prejudice to any relief to which defendant might be entitled after this court decides *In re Mohammad*, S259999.

CANTIL-SAKAUYE
*Chief Justice*

EXHIBIT

D

S266314

SUPREME COURT
FILED

HUY TRONG TRAN (BOOK # AB1640)
# 316919 / 848-10
5012. City DR.
ORANGE, CA 92668

FILED WITH PERMISSION

DEC 2 8 2020

Jorge Navarrete Clerk

Deputy

SUPREME COURT OF CALIFORNIA

IN RE                                    PETITION FOR REVIEW

HUY TRONG TRAN                           CASE # G059654

                                         SUPER CT. # M-18714

## PETITION FOR REVIEW

I, HEREBY REQUEST THE HONORABLE JUSTICES OF SUPREME COURT PETITION OF REVIEW. UNLAWFUL APPLICATION AT LAW, UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN STATE LOWER COURTS. PETITIONER REQUESTS REVIEW AND EVIDENTIARY HEARING.

Petitioner was denied on grounds that has never been presented ever before in any of previous petitions. This issue and claim was made and filed in 5/29/20. In that petition I had wrote asking if I get a copy of and what it gets filed, but I never got a response nor did I get a order of denial. I then submit another petition this time asking again stating I filed the same petition previously and "can I get a filed copy please" (EX. 'A') Giving it case # M-18714. Petitioner never received anything of M-18517 if petitioner had, petitioner proceed to next court as petitioner had with 10 years

of filing with Courts and knowing the steps and hurdles.

On 11/25/20 petitioner was summarially denied by the Court of Appeals, 4th Dist., Div. 3, case # G059654.

Petitioner could not have raised this issue in any petitions prior. Prop 57 finalized Amendments were made and effective on 1/1/2019 (EXHIBIT B) Which Law are retroactive now. Petitioner due diligence could not have raised it previously, without any unreasonable dilatory tactics. This claim and subject is exemption to any procedural bar (In Re Reno, 55 Cal. 4th 428, 510).

CALIFORNIA Department of Corrections, Board of Parole Hearings, and now lower courts unlawfully violates petitioners' State and Federal Fourteenth Amendment to United States Constitution and Article I, § 24 of the California Constriution of Due Process. Violation and Equal Protection against Cruel or unusual punishment as guaranteed by Article I, § 17 of California Constitution and The Eighth Amendment to the United States Constitution. Denying of petitioners' prison sentencing credit and parole date.

Lower courts decision was contrary to and involved an unreasonable application of clearly established laws. Petitioner is sentenced to 20 years determinate term under

1  P.C. 12022.53(c) gun enhancement. Which is a mandatory 20%
2  credit as stated in Exhibit B. which leaves petitioner
3  available early parole board date in year 2027. Under
4  P.C. 3051 youth offender parole hearings: "Controlling offense"
5  the offense or enhancement for which any sentencing court
6  imposed the longest term at imprisonment (P.C. 3051 (a)(2)(B))
7  which is petitioners' P.C. 12022.53(c) sentence of 20 years
8  mandatory 20% retroactive credit. (EXHIBIT C).

9
10     The petitioner may renew the issue "in timely fashion" on
11  habeas corpus if the issue constitutes one of "fundamental
12  constitutional error" (the error is both clear and fundamental
13  and strikes at the heart of the trial process), the court that
14  rendered judgment either lacked "fundamental jurisdiction" or
15  acted in "excess of jurisdiction", or there has been a change
16  in the law affecting the petitioner (In Re Harris, 5 Cal. 4th
17  813, 828). In which the laws have affected petitioner
18  adversely. Claim which are based on a change in the law
19  which is retroactively applicable to final judgments will
20  be considered if promptly asserted and if application
21  of the former rule is shown to have been prejudicial
22  (In re Clark. 5 Cal. 4th 750, 775)

23
24     Petitioner here bears the burden overcome presumption
25  and proves that these claims have never been presented in
26  court of appeals and before the honorable justices of
27  this court." (1) the claim relies on a new rule on Prop 57
28  Constitutional law Art. I, § 32 that is made retroactive

on collateral review and relies on facts that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying would establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the petitioner guilty ( 28 U.S.C. § 2254(e)(2), Williams v. Taylor (2000) 529 U.S. 362, 420).

CDCR, BPH and now lower court denial of illegal calculation and commutation of mandatory sentencing guidelines. Illegally forcing petitioner to do 100% of sentence instead of 80%. Under juvenile youth offender parole hearings guidelines. P.C. 3051(a)(2)(B) hearing is set to controlling offence term, is petitioner P.C. 12022.53(c) 20 year gun enhance-ment. Puts petitioner at year 2023 and not at 2026 where it currently is and forcing petitioner to do 100% of sentence.

Petitioner pleads that the honorable justice grant relief in nature of case, in the interest of justice P.C. 1385

I declare under penalty of perjury that the above is true and correct.

Date : 12/19/20                     Respectfully

                                    Huy Trong Tran

EXHIBIT

A

Name: HUY TRONG TRAN

Address: #2,609,9, P.48.14

501 S. CITY DR.

ORANGE, CA 92868

**MC–275**

P.C. 1395
INTEREST OF JUSTICE

CDC or ID Number: CDCR # AB1640

SUPREME COURT OF THE

STATE OF CALIFORNIA

_(Court)_

| | |
|---|---|
| HUY TRONG TRAN<br>Petitioner | **PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | No. _____ |
| Respondent | _(To be supplied by the Clerk of the Court)_<br>P.C. 1395 * EVIDENTIARY HEARING REQUEST * |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form _before_ answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal in paper form and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal electronically and you are an attorney, follow the requirements of the local rules of court for electronically filed documents. If you are filing this petition in the Court of Appeal and you are _not_ represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

RECEIVED

Form Approved for Optional Use<br>Judicial Council of California<br>MC-275 [Rev. January 1, 2017]

**PETITION FOR WRIT OF HABEAS CORPUS** DEC 2 8 2020

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

CLERK SUPREME COURT

MC–275

**This petition concerns:**

☒ A conviction                    ☒ Parole

☒ A sentence                      ☒ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☒ Other *(specify):* CDCR, BPH, & COURTS DENYING PETITIONER 20% CREDIT OFF DETERMINATE TERM.

1. Your name: HUY TRONG TRAN

2. Where are you incarcerated? ORANGE COUNTY JAIL

3. Why are you in custody? ☒ Criminal conviction    ☐ Civil commitment

   *Answer items a through i to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
   PREMEDITATED ATTEMPTED MURDERS (INDETERMINATE),
   GUN ENHANCEMENTS (DETERMINATE)

   b. Penal or other code sections: 664(a) 187(a), 12022-53(c)

   c. Name and location of sentencing or committing court:
   SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE
   WEST JUSTICE CENTER  8141 13th ST
   WESTMINSTER, CA 92683

   d. Case number: 07WF2294

   e. Date convicted or committed: 11/12/08

   f. Date sentenced: 8/28/09

   g. Length of sentence: 27 YEARS TO LIFE

   h. When do you expect to be released?

   i. Were you represented by counsel in the trial court? ☒ Yes    ☐ No    *If yes, state the attorney's name and address:*
   GARY HARRISON

4. What was the LAST plea you entered? *(Check one):*

   ☒ Not guilty    ☐ Guilty    ☐ Nolo contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

MC–275

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes ☐ No   If yes, give the following information:

  a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):
    COURT OF APPEALS 4TH DIST. DIV. 3

  b. Result: DENIED      c. Date of decision: N/A

  d. Case number or citation of opinion, if known: N/A

  e. Issues raised: (1) _____

               (2) _____

               (3) _____

  f. Were you represented by counsel on appeal? ☒ Yes ☐ No   If yes, state the attorney's name and address, if known:
    ALLEN G WEINBERG

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No   If yes, give the following information:

  a. Result: DENIED      b. Date of decision: N/A

  c. Case number or citation of opinion, if known: N/A

  d. Issues raised: (1) _____

               (2) _____

               (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    SEE ATTACH NEXTPAGE

11. Administrative review:

  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500.) Explain what administrative review you sought or explain why you did not seek such review:

  b. Did you seek the highest level of administrative review available? ☐ Yes ☐ No
    *Attach documents that show you have exhausted your administrative remedies.*

MC–275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?   ☑ Yes   *If yes, continue with number 13.*   ☐ No   *If no, skip to number 15.*

13 a. (1) Name of court: SUPERIOR COURT, ORANGE COUNTY

(2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS

(3) Issues raised: (a) ILLEGAL DENIAL OF PRISON SENTENCE CREDIT

(b) _____

(4) Result (attach order or explain why unavailable): DENIAL

(5) Date of decision: _____

b. (1) Name of court: COURT OF APPEAL 4th DIST, DIV.3

(2) Nature of proceeding: HABEAS CORPUS

(3) Issues raised: (a) ILLEGAL DENIAL OF PRISON SENTENCE CREDIT

(b) _____

(4) Result (attach order or explain why unavailable): DENIAL

(5) Date of decision: 11/25/20

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

SEE ATTACHMENT

_____

16. Are you presently represented by counsel?   ☐ Yes   ☑ No   *If yes, state the attorney's name and address, if known:*

_____

_____

17. Do you have any petition, appeal, or other matter pending in any court?   ☐ Yes   ☑ No   If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

EXHAUSTION OF ALL REMEDIES

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 12/19/20

▶ _____
(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2017]        **PETITION FOR WRIT OF HABEAS CORPUS**        Page 6 of 6

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [Print this form]  [Save this form]    [Clear this form]

Name: HUY TRONG TRAN

Address: #361919/P.48.14

SBIS.CITY OF

ORANGE, CA 92868

CDC or ID Number: CDC# A81648

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**SEP 3 0 2020**

DAVID H. YAMASAKI, Clerk of the Court

BY: K. ACKER ,DEPUTY

MC–275

JUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

_(Court)_

HUY TRONG TRAN

Petitioner

IN RE          vs.

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No.   M 18714

_(To be supplied by the Clerk of the Court)_

*EVIDENTIARY HEARING REQUESTED*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form _before_ answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal in paper form and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal electronically and you are an attorney, follow the requirements of the local rules of court for electronically filed documents. If you are filing this petition in the Court of Appeal and you are _not_ represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2017]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

EXHIBIT

B



# PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Steven Fama
Alison Hardy
Sophie Hart
Corene Kendrick
Rita Lomio
Margot Mendelson
Thomas Nosewicz
Shira Tevah
Camille Woods

<u>Your Responsibility When Using the Information Provided Below:</u>
When putting this material together, we did our best to give you useful and accurate information because we know that people in prison often have trouble getting legal information and we cannot give specific advice to everyone who asks for it. The laws change often and can be looked at in different ways. We do not always have the resources to make changes to this material every time the law changes. If you use this pamphlet, it is your responsibility to make sure that the law has not changed and still applies to your situation. Most of the materials you need should be available in your institution's law library.

## INFORMATION ON PROPOSITION 57: PRISON CREDIT RULES

### (Updated May 2019)

This letter discusses the California Department of Corrections and Rehabilitation (CDCR) rules on prison credits for good conduct and programming. These rules are found in Title 15 of the California Code of Regulations (CCR), and came about as a result of Proposition 57, passed by the voters in November 2016. Proposition 57 created Article I, section 32 of the California Constitution.

<u>The Proposition 57 rules about earlier parole consideration for some people serving terms for non-violent offenses are addressed in a separate letter. If you want that letter, and we did not send it to you with this letter, please write to us and ask for it. The letter is also on the Prison Law Office website at www.prisonlaw.com, under the Resources tab.</u>

The Proposition 57 Title 15 rules on credits went into effect on an "emergency" basis in spring 2017. On May 1, 2018, a final version of those rules was approved by the Office of Administrative Law. Amendments to the rules were made in October 2018 and January 2019.

The Title 15 rules should be available in prison law libraries and made available to people housed in Restricted Housing. The rules are also on the CDCR website at www.cdcr.ca.gov.

Part I of this letter summarizes the Proposition 57 credit Title 15 rules. Part II describes how people in prison can challenge the rules or how they are being applied.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President Marshall Krause, Treasurer Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris

Prison Law Office
PROPOSITION 57 PRISON CREDITS
(updated May 2019)

## I.   PRISON TIME CREDITS FOR GOOD BEHAVIOR AND PROGRAMMING

The CDCR Proposition 57 Title 15 rules regarding credits replace all previous California laws and CDCR rules regarding credits for good behavior and programming in prison, and include credits required by a February 2014 federal court order to reduce crowding in the prisons. Under the rules, all people in CDCR custody are eligible to receive at least as much credit to reduce their prison terms as under the old laws and rules, and some people are eligible to receive more credits than before. Note that although CDCR conduct and programming credits apply toward the Earliest Possible Release Date for determinate sentences and the Minimum Eligible Parole Date (MEPD) for indeterminate (life with the possibility of parole) sentences, they do *not* apply toward a Youth Offender Parole Eligible Date (YPED), Elderly Parole Eligible Date (EPED), or Nonviolent Parole Eligible Date (NVPED).

1.   **Effective May 1, 2017, many people in prison earn more Good Conduct Credits so long as they comply with prison rules and programming duties.** Good Conduct Credits are now available to all people in prison serving determinate (set-length) sentences and sentences of life with the possibility of parole, including those who are housed in Department of Juvenile Justice (DJJ) facilities (if sentenced as adults) or in alternative custody, pre-parole, or re-entry programs. The Good Conduct Credit rules apply also to people serving California prison sentences in out-of-state prisons, federal prisons, or state hospitals. There are different levels of credit eligibility depending on the person's offenses and sentence. (See chart on next page.)

The rules governing credit-earning eligibility categories are in the rules at Title 15 California Code of Regulations (CCR) section 3043.2. Rules about which Work Group designations are used for people in various types of prison assignments is in 15 CCR section 3044; a person's Work Group designation can be relevant to (but does not necessarily control) their conduct credit-earning rate.

Prison Law Office
PROPOSITION 57 PRISON CREDITS
(updated May 2019)                                                    Page 3 of 7

| Description of Current Offense and/or Sentence | Past CDCR Credit Rate (before 5/1/17) | Current CDCR Credit Rate (starting 5/1/17) |
|---|---|---|
| Life without parole (LWOP) and condemned | 0% | 0% |
| Indeterminate term (lifers) not previously eligible for credits (murder, etc.). | 0% | 20% |
| Violent offense – third striker lifers | 0% | 20% |
| Violent offense – determinate term – prior 0 credits (a few recidivists) | 0% | 20% |
| Violent offense – determinate or indeterminate sentence | 15% | 20% |
| Non-violent offense – third striker lifers | 0% | 33.3% |
| Non-violent offense – second strikers with PC 290 | 20% | 33.3% |
| Non-violent offense – second strikers | 33.3% | 33.3% |
| Lifers eligible for 1/3 credits (some crimes in 1980s & 1990s) | 33.3% | 33.3% |
| Non-violent offense – determinate sentence | 50% | 50% |
| Lifers – eligible for day-for-day (a few crimes) | 50% | 50% |
| Violent offense – determinate sentence – firefighters or in fire camp | 15% | 50% |
| Non-violent offense – second strikers – firefighters or in fire camp | 33.3% | 66.6% |
| Non-violent offense – determinate sentence – firefighters or in fire camp | 66.6% | 66.6% |
| Non-violent offense – assigned to Minimum A or Minimum B custody (must be otherwise eligible for 50%, meaning this does not apply to non-violent second strikers) | 66.6% | 66.6% |

**NOTES:**

- **Minimum Custody:**  Minimum A and Minimum B are the lowest custody levels in CDCR prisons (the higher custody levels are Maximum, Close, Medium A, and Medium B). Generally, eligibility for Minimum Custody classification depends on the type of the commitment offense and length of the sentence, criminal history, whether the person has detainers (holds), and their behavior in custody. CDCR rules require that some people be Close Custody due to a lengthy sentence, history of escape, detainer for an offense with a possible long sentence, some serious disciplinary offenses, and having special security concerns; many people can be considered for a custody level reduction after serving a period

---

[1] CDCR credit for the current types of credit eligibility categories are calculated as:
- 20% - serve 4 actual days, get 1 day conduct credit = 5 days total
- 33.3% - serve 2 actual days, get 1 day conduct credit = 3 days total.
- 50% - serve 1 actual day, get 1 day conduct credit = 2 days total.
- 66.6% - serve 1 actual day, get 2 days conduct credit = 3 days total.

EXHIBIT

C

KeyCite Yellow Flag - Negative Treatment
Unconstitutional or PreemptedPrior Version Held Unconstitutional by People v. Edwards, Cal.App. 1 Dist., Apr. 10, 2019

KeyCite Yellow Flag - Negative TreatmentProposed Legislation

> West's Annotated California Codes
>> Penal Code (Refs & Annos)
>>> Part 3. Of Imprisonment and the Death Penalty (Refs & Annos)
>>>> Title 1. Imprisonment of Male Prisoners in State Prisons (Refs & Annos)
>>>>> Chapter 8. Length of Term of Imprisonment and Paroles (Refs & Annos)
>>>>>> Article 3. Paroles (Refs & Annos)

West's Ann.Cal.Penal Code § 3051

## § 3051. Youth offender parole hearings

Effective: January 1, 2020
Currentness

(a)(1) A youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger, or was under 18 years of age as specified in paragraph (4) of subdivision (b), at the time of the controlling offense.

(2) For the purposes of this section, the following definitions shall apply:

(A) "Incarceration" means detention in a city or county jail, a local juvenile facility, a mental health facility, a Division of Juvenile Justice facility, or a Department of Corrections and Rehabilitation facility.

(B) "Controlling offense" means the offense or enhancement for which any sentencing court imposed the longest term of imprisonment. *WHICH IS MY P.C. 1202, 53(C) 20 YEARS DETERMINATE TERM. NOW WITH PROP 57, 20% MANDATORY RETROACTIVE CREDIT ANARD TO SENTENCE.*

(C) "Youth parole eligible date" is the earliest date upon which a youth offender is eligible for release on parole at a youth offender parole hearing. Except as provided in subdivision (i) and Section 3051.1, youth offenders are entitled to their initial youth offender parole hearing within six months of their youth parole eligible date, as determined in subdivision (b), unless previously released or entitled to an earlier parole consideration hearing pursuant to any other law.

(b)(1) A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a determinate sentence shall be eligible for release on parole at a youth offender parole hearing during the person's 15th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 15th year of incarceration.

(2) A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a life term of less than 25 years to life shall be eligible for release on parole at a youth offender

parole hearing during the person's 20th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 20th year of incarceration.

(3) A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a life term of 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 25th year of incarceration.

(4) A person who was convicted of a controlling offense that was committed before the person had attained 18 years of age and for which the sentence is life without the possibility of parole shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 25th year of incarceration.

(c) An individual subject to this section shall meet with the board pursuant to subdivision (a) of Section 3041.

(d) The board shall conduct a youth offender parole hearing to consider release. At the youth offender parole hearing, the board shall release the individual on parole as provided in Section 3041, except that the board shall act in accordance with subdivision (c) of Section 4801.

(e) The youth offender parole hearing to consider release shall provide for a meaningful opportunity to obtain release. The board shall review and, as necessary, revise existing regulations and adopt new regulations regarding determinations of suitability made pursuant to this section, subdivision (c) of Section 4801, and other related topics, consistent with relevant case law, in order to provide that meaningful opportunity for release.

(f)(1) In assessing growth and maturity, psychological evaluations and risk assessment instruments, if used by the board, shall be administered by licensed psychologists employed by the board and shall take into consideration the diminished culpability of youth as compared to that of adults, the hallmark features of youth, and any subsequent growth and increased maturity of the individual.

(2) Family members, friends, school personnel, faith leaders, and representatives from community-based organizations with knowledge about the individual before the crime or the individual's growth and maturity since the time of the crime may submit statements for review by the board.

(3) This section is not intended to alter the rights of victims at parole hearings.

(g) If parole is not granted, the board shall set the time for a subsequent youth offender parole hearing in accordance with paragraph (3) of subdivision (b) of Section 3041.5. In exercising its discretion pursuant to paragraph (4) of subdivision (b) and subdivision (d) of Section 3041.5, the board shall consider the factors in subdivision (c) of Section 4801. A subsequent youth offender parole hearing shall not be necessary if the offender is released pursuant to any other law prior to the date of the subsequent hearing.

(h) This section shall not apply to cases in which sentencing occurs pursuant to Section 1170.12, subdivisions (b) to (i), inclusive, of Section 667, or Section 667.61, or to cases in which an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age. This section shall not apply to an individual to whom this section would otherwise apply, but who, subsequent to attaining 26 years of age, commits an additional crime for which malice aforethought is a necessary element of the crime or for which the individual is sentenced to life in prison.

(i)(1) The board shall complete all youth offender parole hearings for individuals who became entitled to have their parole suitability considered at a youth offender parole hearing prior to January 1, 2014, by July 1, 2015.

(2)(A) The board shall complete all youth offender parole hearings for individuals who were sentenced to indeterminate life terms and who become entitled to have their parole suitability considered at a youth offender parole hearing on January 1, 2016, by July 1, 2017.

(B) The board shall complete all youth offender parole hearings for individuals who were sentenced to determinate terms and who become entitled to have their parole suitability considered at a youth offender parole hearing on January 1, 2016, by July 1, 2021. The board shall, for all individuals described in this subparagraph, conduct the consultation described in subdivision (a) of Section 3041 before July 1, 2017.

(3)(A) The board shall complete all youth offender parole hearings for individuals who were sentenced to indeterminate life terms and who become entitled to have their parole suitability considered at a youth offender parole hearing on January 1, 2018, by January 1, 2020.

(B) The board shall complete all youth offender parole hearings for individuals who were sentenced to determinate terms and who become entitled to have their parole suitability considered at a youth offender parole hearing on January 1, 2018, by January 1, 2022. The board shall, for all individuals described in this subparagraph, conduct the consultation described in subdivision (a) of Section 3041 before January 1, 2019.

(4) The board shall complete, by July 1, 2020, all youth offender parole hearings for individuals who were sentenced to terms of life without the possibility of parole and who are or will be entitled to have their parole suitability considered at a youth offender parole hearing before July 1, 2020.

(j) The Secretary of the Department of Corrections and Rehabilitation may authorize persons described in paragraphs (1), (2), and (3) of subdivision (b) to obtain an earlier youth parole eligible date by adopting regulations pursuant to subdivision (b) of Section 32 of Article 1 of the California Constitution.

Credits
(Added by Stats.2013, c. 312 (S.B.260), § 4. Amended by Stats.2015, c. 471 (S.B.261), § 1, eff. Jan. 1, 2016; Stats.2017, c. 675 (A.B.1308), § 1, eff. Jan. 1, 2018; Stats.2017, c. 684 (S.B.394), § 1.5, eff. Jan. 1, 2018; Stats.2019, c. 577 (A.B.965), § 2, eff. Jan. 1, 2020.)

West's Ann. Cal. Penal Code § 3051, CA PENAL § 3051
Current with all laws through Ch. 372 of 2020 Reg.Sess.

- Questionaire 10:

## Habeas Corpus is a proper Vehicle for the presentation of Petitioner's Claim

The claim asserted is that the petitioner was deprived of his constitutional rights. This constitutional claim cannot be presented as strongly on appeals as it is herein because its factual basis vests in part on evidence in addition to that contained in the record on appeal. (See In Re Hochberg (1970) 2 Cal. 3d 870, 875)

Furthermore, habeas corpus for challenged and opportunities for evidentiary hearing to present facts and based on matters outside record and new laws. Claims are also clear and fundamental constitutional errors that strikes at the heart of the whole justice process and a change of law after the appeals affected the petitioner.

- Questionaire 15:

Petitioner alledging a fundamental miscarriage of justice exception and "prima facie" showing of exceptions relied on must be shown. In Re Clark, 5 Cal. 4th at 797-98 (1973), is the requirement that the petitioning party demonstrate a prima facie of such error, i.e. "allege facts which, if proven" would establish therein. Accordingly, because of these unusual circumstances set forth therein, equity lies in favor of reviewing the merits of the claims advanced in this petition/application. Also (1) clear and fundamental constitutional errors strikes at the heart of the justice process; (2) a change of law after the appeals affected the petitioner.

Therefore, circumstances of petitioners' case changed! Petitioner is without remedy saved by writ of habeas corpus convictions for the reasons and claims presented and supporting authorities relied on.

I declare under penalty of perjury that above is true and correct

Huy Tran

Court of Appeal, Fourth Appellate District, Division Three
Kevin J. Lane, Clerk/Executive Officer
Electronically FILED on 11/25/2020 by Sandra Mendez, Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re HUY TRONG TRAN<br><br>on Habeas Corpus. | G059654<br><br>(Super. Ct. No. 07WF2294)<br><br>O R D E R |

THE COURT:*

    The petition for a writ of habeas corpus is DENIED.

O'LEARY, P. J.

*  Before O'Leary, P. J., Ikola, J., and Thompson, J.

## PROOF OF SERVICE

RE:   Case Number:   S266314
      Case Title:  TRAN (HUY TRONG) ON H.C.

---

    I hereby declare that I am a citizen of the United States, am over 18 years of age, and not a party in the above-mentioned action.  I am employed in the County of San Francisco and my business address is 350 McAllister Street, San Francisco, CA 94102.

    On December 28, 2020, I served the attached document described as *Petition for Review* on the parties listed below for the above-named case.  I did this by enclosing true copies of the document in sealed envelopes with postage fully prepaid thereon.  I then placed the sealed envelopes in a U.S. Postal Service mail box in San Francisco, California, addressed as follows:

Court of Appeal, 4th Appellate Dist. Div.3      Office of the Attorney General
601 West Santa Ana Boulevard           P.O. Box 85266
Santa Ana, CA 92701                  San Diego, CA 92186

Superior Court of Orange County
700 Civic Center Drive West
Santa Ana, CA 92701

    I, I. Calanoc, declare under the penalty of perjury that the forgoing is true and correct.  EXECUTED ON the 28th of December 2020, at San Francisco, California.

                                    Signature

EXHIBIT

E



## Supreme Court of California

JORGE E. NAVARRETE
CLERK AND EXECUTIVE OFFICER
OF THE SUPREME COURT

EARL WARREN BUILDING
350 McALLISTER STREET
SAN FRANCISCO, CA 94102
(415) 865-7000

March 22, 2021

Huy Trong Tran #AB-1640
Theo Lacy Facility
501 South City Drive
Orange, California 92868

Re:  **S266314 — Huy Trong Tran on Habeas Corpus**

Dear Mr. Tran:

No action may be taken on your "petition for rehearing and re-review", received March 22, 2021. The order of this court filed February 17, 2021, denying the above-referenced petition, was final forthwith and may not be reconsidered or reinstated. Please rest assured, however, that the entire court considered the petition for review, and the contentions made therein, and the denial expresses the court's decision in this matter.

Very truly yours,

JORGE E. NAVARRETE
Clerk and
Executive Officer of the Supreme Court

By: F. Jimenez, Assistant Deputy Clerk

cc: Rec.

MC–275

Name: HUY TRONG TRAN ( CDCR # AB16640)

Address: #3161919 'PUE-I

501 S. CITY DR

ORANGE, CA 92868

CDC or ID Number: _____

SUPREME COURT OF CALIFORNIA

PETITION FOR REHEARING AND
RE-REVIEW

*(Court)*

IN RE HUY TRONG TRAN

Petitioner

vs.

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. S266314

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal in paper form and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal electronically and you are an attorney, follow the requirements of the local rules of court for electronically filed documents. If you are filing this petition in the Court of Appeal and you are *not* represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2017]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

HUU RONG TRAN (CDCR # A86940)

B266919 | PWG |

501 S. CITY DR

ORANGE, CA 92868

SUPREME COURT OF CALIFORNIA

IN RE                                                    PETITION FOR REHEARING

HUU TRONG TRAN                                    CASE # S266314

PETITION FOR REHEARING AND RE-REVIEW

I, HEREBY REQUEST THE HONORABLE JUSTICES OF THE SUPREME COURT, PETITION FOR RE-HEARING. ON 2/17/21 CHIEF JUSTICE CANTIL-SAKAUYE' DENIED PETITION FOR REVIEW WITHOUT PREJUDICE TO ANY RELIEF TO WHICH DEFENDANT MIGHT BE ENTITLED AFTER THIS COURT DECIDES IN RE MOHAMMAD, S259999". (EXHIBIT A). BUT THIS COURT ALREADY DECIDED, GRANTING REVIEW TO MOHAMMAD ON 2/19/20, A YEAR AGO. AND COULD HAVE GRANTED REVIEW HERE.

PETITIONER CASE IS CONVICTED OF A NONVIOLENT OFFENSE ALSO ELIGIBLE FOR EARLY PAROLE CONSIDERATION ON PETITIONERS' FELON WITH A FIREARM CONVICTION, AS LIKE MOHAMMAD FOR RELIEF. BUT VERY DIFFERENT FROM MOHAMMAD, SUPRA. PETITIONER ONLY REFERENCED PROP 57 TO SHOW IT'S NEWLY PROPOSED RETROACTIVE DETERMINATE SENTENCE LAW. WHERE ITS AT NOW 20% CREDIT, NOT 15% AS PRE-PROP 57.

1   PETITIONER PETITION PREDICATE IS ON DENIAL OF

2   20% ELIGIBLE CREDIT SHOULD BE GIVEN.

3         PETITIONER ARGUMENT IS THAT PETITIONER

4   IS ENTITLED TO THE CREDIT TOWARDS SENTENCED

5   SOLELY ON DETERMINATE SENTENCING LAWS,

6   ~~THE~~ ONLY REASONING A SHOWING OR REFERENCE

7   OF PROP 57, SHOWING ITS 20% MANDATORY

8   CREDIT CHART. PETITIONER DID NOT ASK FOR RELIEF

9   BASE ON PROP 57 CLAIMS.

10        PETITIONERS' ARGUMENT IS THAT CDCR, BPH,

11  AND THUS FAR COURTS ARE DENYING PETITIONER

12  ENTITLED RELIEF TO GRANT PETITION GIVING

13  PETITIONER 20% CREDIT TOWARDS DETERMINATE TERM

14  FOR P.C. 12022.53(c) FIREARM ENHANCEMENT

15  CONVICTION, WHICH IS MANDATORY.

16        CDCR, BPH, AND COURTS ARE VIOLATING

17  CALIFORNIA CONSTITUTION ARTICLE I § 24 AND U.S.C.A

18  14th AMENDMENT OF DUE PROCESS, CALIFORNIA CONSTITUTION

19  ARTICLE I § 17 AND U.S.C.A. 8th AMENDMENT OF EQUAL

20  PROTECTION RIGHTS AGAINST CRUEL UNUSUAL PUNISHMENT.

21  IN DENYING PETITIONERS' GUARANTEED MANDATORY

22  DETERMINATE SENTENCING LAW GUIDELINES OF 20%

23  CREDIT FOR EARLIER PAROLE BOARD DATE.

24        DECISIONS WAS CONTRARY TO AND INVOLVED AN

25  UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED

26  LAWS.

27        P.C. 3051 YOUTH OFFENDER PAROLE HEARINGS;

28  "CONTROLLING OFFENSE" THE OFFENSE OR ENHANCEMENT

FOR WHICH ANY SENTENCING COURT IMPOSED THE LONGEST TERM OF IMPRISONMENT (P.C. 3051 (a)(2)(B)). WHICH IS PETITIONERS' P.C. 12022.53 (c) 20 YEARS, 20% MANDATORY CREDITING. EARLIEST HEARING IN 2022.

NO WHERE DOES THAT TEXT SAYS "FULL TERM". SO IN RE MOHAMMAD, SUPRA HAS VERY, LITTLE RELEVANCE TO PETITIONERS ARGUMENT. IT HAD NOTHING TO DO WITH ITS EARLY PAROLE CONSIDERATION SCHEME. IT WAS ONLY A MERE SHOWING OF PROP 57's DETERMINATE SENTENCING 20% MANDATORY EFFECTIVE DATE 5/1/17.

SINCE CHIEF JUSTICE CANTIL-SAKAUVE SAYS PETITIONER ENTITLED TO RELIEF BASED ON MOHAMMAD SUPRA, IT WOULD BE WITH PETITIONER NON VIOLENT FELON WITH FIREARM CONVICTION, ENTITLED TO EARLY PAROLE CONSIDERATION AND RELIEF.

PETITIONER PLEADS THAT CHIEF JUSTICE GRANTS PETITION FOR RECALCULATION AND COMPUTATION OF MANDATORY 20% CREDIT TOWARDS DETERMINITE TERM. HERE THE PETITIONERS' CONTROLLING OFFENCE IS FIREARM ENHANCEMENT. ALSO GRANTING RELIEF ON PETITIONER PROP 57 NON VIOLENT OFFENSE OF, FELON WITH FIREARM CONVICTION FOR EARLY PAROLE CONSIDERATION. IN THE INTEREST OF JUSTICE GRANTING RELIEF IN NATURE OF CASE P.C. 1385. IN ITS ENTIRETY.

1  I DECLARE UNDER THE PENALTY OF PERJURY
2  THAT THE FOREGOING IS TRUE AND CORRECT.

3
4  DATE: 3/17/21                    RESPECTFULLY,

5
6                                   HUY TRONG TRAN

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MC–275

**This petition concerns:**

☐ A conviction                    ☒ Parole

☒ A sentence                      ☒ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other *(specify):* _____

1. Your name: HUU TRONG TRAN

2. Where are you incarcerated? ORANGE COUNTY JAIL

3. Why are you in custody? ☒ Criminal conviction   ☐ Civil commitment

*Answer items a through i to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

ATTEMPTED MURDERS
FIREARM ENHANCEMENTS

b. Penal or other code sections: 667(a) 187(a) , 12022.53(c)

c. Name and location of sentencing or committing court:

_____

_____

d. Case number: 07WF2294

e. Date convicted or committed: 11/12/08

f. Date sentenced: 8/28/09

g. Length of sentence: 27 YEARS TO LIFE

h. When do you expect to be released? N/A SOON HOPEFULLY

i. Were you represented by counsel in the trial court? ☒ Yes   ☐ No   *If yes, state the attorney's name and address:*

GARY HARRISON

_____

4. What was the LAST plea you entered? *(Check one):*

☒ Not guilty   ☐ Guilty   ☐ Nolo contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

MC–275

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes ☐ No   If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):
   4th DIST. DIV 3

   b. Result: DENIED                              c. Date of decision: N/A

   d. Case number or citation of opinion, if known: N/A

   e. Issues raised: (1) _____

                     (2) _____

                     (3) _____

   f. Were you represented by counsel on appeal? ☒ Yes ☐ No   If yes, state the attorney's name and address, if known:
   ALLEN WEINBERG

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No   If yes, give the following information:

   a. Result: DENIED                              b. Date of decision: N/A

   c. Case number or citation of opinion, if known: N/A

   d. Issues raised: (1) _____

                     (2) _____

                     (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

11. Administrative review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500.) Explain what administrative review you sought or explain why you did not seek such review:

   b. Did you seek the highest level of administrative review available? ☐ Yes ☐ No
      *Attach documents that show you have exhausted your administrative remedies.*

MC–275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?   ☒ Yes   *If yes, continue with number 13.*   ☐ No   *If no, skip to number 15.*

13 a. (1) Name of court: 4ᵗʰ DIST, DIV 3

(2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS

(3) Issues raised: (a) _____

(b) _____

(4) Result (attach order or explain why unavailable): DENIED

(5) Date of decision: N/A

b. (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result *(attach order or explain why unavailable):* _____

(5) Date of decision: _____

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____
_____
_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____
_____
_____

16. Are you presently represented by counsel?   ☒ Yes   ☐ No   *If yes, state the attorney's name and address, if known:*
ALISHA MONTOLO
801 CIVIC CENTER DR. STE #400
SANTA ANA, CA 92701

17. Do you have any petition, appeal, or other matter pending in any court?   ☒ Yes   ☐ No   If yes, explain:
FRANKLIN PETITION AND HEARING

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____
_____
_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 3/17/21

▶ _____
(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2017]                    **PETITION FOR WRIT OF HABEAS CORPUS**                    Page 6 of 6

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form.]

# PROOF OF SERVICE

I, HUY TRONG TRAN, AM A RESIDENT OF ORANGE COUNTY JAIL, IN COUNTY OF ORANGE, STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS AND AM A PARTY OF THIS ACTION. MY ADDRESS IS: 501 S. CITY DR., ORANGE, CA 92868

ON 3/17/21, I MAILED THE FOREGOING:

PETITION FOR REHEARING RE-REVIEW; DECLARATION; EXHIBIT (ORDER)

ON THE PARTS HEREIN BY PLACING A TRUE COPY THEREOF, ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PAID, BY HANDING OVER TO A DEPUTY. IN ORDER TO BE DEPOSITED IN THE UNITED STATES MAIL. AT: 501 S. CITY DR., ORANGE, CA 92868, ADDRESSED TO:

CLERK OF CALIFORNIA
    SUPREME COURT
350 MCALLISTER ST..
SAN FRANCISCO, CA 94102

THERE IS DELIVERY SERVICE BY THE US. MAIL AT THE SO ADDRESSED AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT FOREGOING IS TRUE AND CORRECT.

DATE: 3/17/21

RECEIVED

MAR 22 2021

CLERK SUPREME COURT

HUY TRONG TRAN

EXHIBIT

F

1

2                                **FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
3                       CENTRAL JUSTICE CENTER

**APR 26 2017**
4

DAVID H. YAMASAKI, Clerk of the Court
5

BY:  **M. RAHN**           ,DEPUTY
6

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**
9

10

11   In re HUY TRONG TRAN,         )   Orange County Superior Court
                                 )   Case Number: M-16992
12   Petitioner,                  )   (07WF2294)
                                 )
13                                   )   **ORDER DENYING**
   ON HABEAS CORPUS.         )   **HABEAS CORPUS**
14

15   **TO THE OFFICE OF THE CALIFORNIA ATTORNEY GENERAL AND PETITIONER:**

16   HAVING REVIEWED THE ABOVE CAPTIONED PETITION FOR WRIT OF HABEAS
      CORPUS AND EXHIBITS SUBMITTED IN SUPPORT THEREOF, THE COURT ISSUES
17   THE FOLLOWING ORDER:

18           Petitioner is presently serving an indeterminate term of 20 years to life in state

19   prison with the possibility of parole imposed in 2009 following petitioner's conviction by

20   a jury on two counts of attempted premeditated murder [Pen. Code, § 664(a)/§ 187(a)],

21   two counts of assault with a firearm [Pen. Code, § 245(b)], one count of discharging a

22   firearm at an occupied vehicle [Pen. Code, § 246], one count of possession of a firearm

23   by a felon [Pen. Code, § 12021(a)(1)], and one misdemeanor count of battery [Pen.

24

25   Code, § 243(e)(1)].  Petitioner was also found to have committed a number of the

26   offenses through the personal use and discharge of a firearm [Pen. Code, § 12022.5, §

27   12022.53(c)].  The judgment was affirmed on appeal.

28

                                   1

1    Petitioner, in pro per, seeks habeas corpus relief claiming the California

2  Department of Corrections and Rehabilitation has erroneously calculated and

3  implemented the abstract of judgment in such a way as to add seven years to

4
   petitioner's state prison sentence in violation of petitioner's constitutional right to due
5
   process and constitutional proscriptions against cruel and unusual punishment.
6

7    A habeas "petitioner bears a heavy burden initially to plead sufficient grounds for

8  relief, and then later to prove them." (*In re Bacigalupo* (2012) 55 Cal.4th 312, 332.)

9    The petition is without merit and is denied on this basis.  No error by the

10  Department of Corrections and Rehabilitation in the manner in which it is implementing

11  the abstract of judgment is established.  Petitioner was sentenced to an indeterminate

12
    life term of imprisonment with the possibility of parole for attempted premeditated
13
    murder.  A consecutive determinate term of 20 years in state prison was imposed as a
14

15  result of petitioner personally discharging a firearm during the commission of attempted

16  premeditated murder.  Petitioner must serve and complete the 20 year determinate

17  term of imprisonment before he can begin serving his indeterminate life term.

18
    "Whenever a person is committed to prison on a life sentence which is ordered
19

20  to run consecutive to any determinate term of imprisonment, the determinate term of

21  imprisonment shall be served first and no part thereof shall be credited toward the

22  person's eligibility for parole as calculated pursuant to Section 3046 or pursuant to any

23  other section of law that establishes a minimum period of confinement under the life

24
    sentence before eligibility for parole." (Pen. Code, § 669(a).) "An inmate imprisoned
25
    under a life sentence shall not be paroled until he or she has served the greater of the
26

27  following:  (1) A term of at least seven calendar years." (Pen. Code, § 3046(a)(1).)

28

2

1     No prima facie case for relief is established.  An order to show cause will issue

2    only if petitioner has established a prima facie case for relief on habeas corpus.

3    (*People v. Duvall* (1995) 9 Cal.4th 464, 475.)

4     The petition for writ of habeas corpus is DENIED.

Dated: 4/24/17

Judge of the Superior Court

CHERI PHAM

3

EXHIBIT

G


 **CDCR**


Visit CDCR.ca.gov 🏠

Contact CDCR 📞

Accessibility Settings ⊕

🏠 **Home ▾**          📰 **Rehabilitative Programs**          ❓ **Questions ▾**          ⓘ **Visitation Information**

## Inmate Information

### The information displayed below is subject to change and may update daily

| | |
|---|---|
| **Inmate Name** | TRAN, HUY TRONG |
| **CDCR Number** | AB1640 |
| **Age** | 38 |
| **Admission Date** | 10/14/2009 |
| **Current Location** | California State Prison, Corcoran |
| **Location Link** | Directions ☑ |
| **Parole Eligible Date (Month/Year)** | 10/2026 |
| **Parole Eligible Date Information** | **The Parole Eligible Date displayed above is subject to change.** |

The parole eligible date shown above is the first date the inmate is (or was) eligible for a parole suitability hearing by the Board of Parole Hearings to determine if the inmate should be released. The inmate is eligible for a parole suitability hearing as a youth offender because he or she committed his or her controlling offense while under the age of 26. The inmate's first parole hearing will be scheduled during his or her 15th, 20th, or 25th year of incarceration, depending on the sentence imposed by the court. Alternatively, the inmate may be eligible for a parole suitability hearing as a youth offender because he or she committed his or her controlling offense while under the age of 18 and was sentenced to life without the possibility of parole. If so, the inmate's first parole hearing will be scheduled during his or her 25th year of incarceration. For more information on parole suitability hearings for youth offenders, please visit the Board of Parole Hearings' Youth Offender Hearing Overview

**Additional Information**

**VICTIM NOTIFICATION:** Victims who would like to request notice and an opportunity to attend this inmate's parole suitability hearing or who would like to request notice of this inmate's release must register with CDCR's Office of Victim and Survivor Rights and Services. For further information, or to inquire about court ordered restitution, please visit CDCR's Office of Victim and Survivor Rights and Services website or call toll-free 1-877-256-6877

**BOARD OF PAROLE HEARINGS:** For more information about the Board of Parole Hearings, please visit the Board's website

View Board of Parole Hearings' Actions

**Information current as of: 04/11/2021**

Back to Results     New Search

Back to Top     Privacy Policy     Accessibility     Disclaimer     Contact Us     Accessibility Assistance          f 🐦 ▶ 📷 📖

**Governor**
**Gavin Newsom**

Visit Governor's website

**CDCR Secretary**
**Kathleen Allison**

Visit Secretary's page

**Innovation By**
**EIS**

Enterprise Information Services

# DECLARATION

I HUY TRONG TRAN IS CURRENTLY IN ORANGE COUNTY JAIL, SHERIFF'S CUSTODY SINCE 5/9/21. FROM STATE PRISON. PETITIONER/PLAINTIFF DECLARES:

1.) WHEN PETITIONER/PLAINTIFF WAS TRANSFERRED FROM CORCORAN STATE PRISON, WAS NOT ALLOWED ANY PROPERTY TO BE TAKEN WITH DURING TRANSPORTATION.

2.) PETITIONER/PLAINTIFF DOES NOT HAVE ANY OF PREVIOUS PAPERS AND OPINIONS FROM OTHER SUITS AND PETITION, ONLY THE ONE THAT HAS AND CURRENTLY PRESENTING.

3.) CAN NOT AND NOT ALLOWED TO GET COPIES OR ANY ALLOWED TO BE MADE HERE IN SHERIFF'S CUSTODY.

4.) IS NOT ALLOWED INTO LAW LIBRARY, ONLY TO REQUEST MATERIALS FROM SLIPS/FORMS.

5.) PLEASE EXCUSE PETITIONER/PLAINTIFF IN NOT BEING ABLE TO COMPLY WITH COURT RULES.

6.) PETITIONER/PLAINTIFF IS A HIGH SECURITY INMATE NOT ALLOWED AND/IS VERY LIMITED TO ALL IS TO DO HERE.

7.) PETITIONER/PLAINTIFF PLEADS AND REQUEST AFTER A FILING, CAN PETITIONER/PLAINTIFF GET A COPY? THIS IS AND THE

1  ONLY COPY HAS AND IS SENDING. PLEASE AND THANK YOU VERY
2  MUCH  JUSTICES AND CLERKS.

3
4  8) PETITIONER  COULDNT RAISE THIS CLAIM EARLIER IN ANY
5  PREVIOUS FEDERAL 2254 PETITION, BECAUSE THIS ISSUE
6  WAS AFTER FIRST ISSUE WAS FINAL AND EXHAUSTED
7  ALL WAY TO U.S. SUPREME COURT. ISSUE PRESENT IN
8  THIS PETITION BEGAN, MAY 1, 2017. NOW PRESENTING
9  THIS CLAIM OF VIOLATION OF EQUAL PROTECTION OF
10  CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS.

11
12  I DECLARE UNDER PENALTY OF PERJURY THAT THE
13  FOREGOING IS TRUE AND CORRECT.

14
15  DATED: 5/9/21                    RESPECTFULLY,

16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I HUY TRANG TRAN, am a resident of Orange County Jail, in the County of Orange, State of California; I am over the age of eighteen (18) years and am a party of this action. My current address is: 501 S. CITY DR. Orange, CA 92868.

On MAY 9, 2021, I mailed the foregoing: (1) Attached EXHIBITS (2) APPLICATION REQUEST FOR APPOINTMENT OF COUNSEL (3) DECLARATION (4) 2254 Petition (5) 1983 CIVIL RIGHTS SUIT

on the parts herein by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully paid, by handing it over to a Orange County Sheriff Deputy in order to be deposited in the United States Mail, at Orange County Jail, 501 S. CITY DR. ORANGE CA 92868, addressed to:

CLERK OF COURT
U.S. DISTRICT COURT OF CALIFORNIA
CENTRAL DISTRICT, SOUTHERN DIVISION
411 W. 4th ST. #1-053
SANTA ANA, CA 92701

There is delivery service by the United States Mail at the soaddressed and/or there is regular communication by mail between the place of mailing and the place so addressed. I declare under penalty of perjury under laws of California that the foregoing is true and correct.

Dated: 5/9/21                    Respectfully

                                 HUY TRANG TRAN



J. MUNOZ

#1021 (U2I)