**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUY TRONG TRAN,<br><br>        Petitioner,<br><br>    v.<br><br>KEN CLARK, Warden,<br><br>        Respondent. | ) Case No. SACV 21-0884-VBF (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>)<br>) |
| HUY TRONG TRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR et al.,<br><br>        Defendants. | ) Case No. SACV 21-0886-VBF (JPR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The Court has reviewed the Petition, First Amended Complaint, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that Respondent's motion to dismiss the Petition be granted and that it and the FAC be dismissed with prejudice. See 28 U.S.C. § 636(b)(1). On May 2, 2022, Tran objected to the R. & R; Respondent didn't reply. On May 20 and again on July 21, 2022, Tran moved for appointment of

counsel. Between the filing of the R. & R. and of his Objections, Tran moved to stay each of his cases until the California Supreme Court decided "In re Mohammad, S259999." (Req. at 1, Dec. 6, 2021.) In July 2022, he moved to stay his civil-rights case until he finished exhausting his administrative remedies, and he sought leave to file a Second Amended Complaint.

Most of Tran's objections simply reargue points made in his Petition, Opposition, or FAC. A few warrant discussion, however. First, he argues that because "no state court" adjudicated his claim on the merits, "review de novo is entitled." (Objs. at 2; see also id. at 5.) But as the Magistrate Judge noted, the superior court adjudicated his claim on the merits, finding that the CDCR properly calculated his youth-offender parole-hearing eligibility date. (See R. & R. at 5 (citing Pet., Ex. A at 3).)

Next, apparently challenging the Magistrate Judge's finding that the Petition seeks relief unavailable in a habeas action (see R. & R. at 9-10), he points to MacFarlane v. Walter, 179 F.3d 1131 (9th Cir. 1999), opinion vacated sub nom. Lehman v. MacFarlane, 529 U.S. 1106 (2000). But there, petitioners sought "early-release credit" that would have led to earlier release from prison. See 179 F.3d at 1141 (noting that had petitioners received credit, "they would have been required to serve less time"). Here, "Tran would not necessarily be entitled to earlier release even if he were granted a youth-offender parole hearing immediately." (R. & R. at 10.) The Magistrate Judge didn't err.

Tran is likewise wrong to claim that the Magistrate Judge showed bias. (See Objs. at 3.) She should have noted, he

1  argues, that a "statu[t]e gives CDCR discretion to apply good
2  conduct and programming credits to advance" a youth-offender
3  parole-eligibility date.  (Id.)  Yet he doesn't dispute that the
4  CDCR has chosen not to do so, as she observed.  (See R. & R. at
5  14-15.)  She wasn't biased.
6      Tran's stay requests are DENIED.  In January 2022, the
7  California Supreme Court issued In re Mohammad, 12 Cal. 5th 518
8  (2022).  That decision involves state-law issues only and,
9  moreover, ruled against the incarcerated petitioner; it doesn't
10 warrant a different outcome here.  See id. at 541 (finding that
11 CDCR "acted within its discretion" under state constitution in
12 "excluding individuals currently serving a sentence for a violent
13 felony from early parole consideration").  As for his second stay
14 request, Plaintiff claims to be "waiting for decisions of
15 grievances in exhaustion of administrative remedies level" and
16 for a "reply and decision" from the "Attorney General[]," "Office
17 of Internal Affairs," and the "state auditor[]."  (Req. at 1,
18 July 7, 2022.)  But he doesn't explain how waiting for those
19 events changes the result here.  After all, the Court isn't
20 dismissing the Petition and FAC because he failed to exhaust his
21 administrative remedies.
22      And because the Court is dismissing the Petition and FAC
23 with prejudice, Tran's motions for appointment of counsel are
24 DENIED as moot.  See Navarro v. UCSD Sch. of Med., No.
25 12CV1339-GPC(BLM)., 2012 WL 4848977, at *2 (S.D. Cal. Oct. 11,
26 2012).  At any rate, as the Court has explained to him, there is
27 no right to counsel in federal habeas proceedings.  See
28 Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Nor does such

a right exist in a civil-rights case. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (noting that only "exceptional circumstances" support such discretionary appointment). Tran states only that he "cannot afford to employ an attorney." (Mot. at 1, May 20, 2022); see also Mot. at 1, July 21, 2022 (requesting counsel because he "does not have the financial resources to retain counsel").) But that fact doesn't warrant appointment of counsel. See Valenti v. Lizzaraga, No. 2:18-cv-02199-CAS (SHK), 2018 WL 11328334, at *4 (C.D. Cal. Apr. 16, 2018); Madrid v. De La Cruz, No. 1:18-cv-00947-DAD-EPG (PC), 2020 WL 8970175, at *1 (E.D. Cal. May 13, 2020); (see also Order at 1, Feb. 28, 2022 (denying Tran's prior appointment-of-counsel request when he claimed to have "no financial means")). Moreover, Tran filed objections to the R. & R., and his lawsuits have reached their conclusion. He does not need assistance of counsel at this time.

Finally, Tran's motion for leave to file a SAC is DENIED. As the Magistrate Judge correctly found, the FAC's claims fail as a matter of law and can't be cured by amendment. (See R. & R. at 16.) And his proposed SAC concerns Defendants and facts unrelated to those in the FAC and omits entirely the FAC's allegations about his parole-hearing eligibility. (See Mot. Leave at 2-4 (complaining that prison officials lost his personal property and that correctional officers falsified documents).)[1] He "may not change the nature of this suit by adding new,

---

[1] Because this document is not paginated, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

unrelated claims in an amended complaint." Lopez v. Berkbile, No. 1:14-cv-01003-LJO-BAM (PC), 2016 WL 4417697, at *2 (E.D. Cal. Aug. 18, 2016); see Dermendziev v. Washington, 624 F. App'x 454, 455 (9th Cir. 2015) (affirming district court's dismissal of complaint without leave to amend when plaintiff "sought to add new claims based on unrelated facts against new defendants at another prison"); Thompson v. Catterson, No. C07-985Z., 2007 WL 3132457, at *1 (W.D. Wash. Oct. 19, 2007) (denying leave to amend complaint to "add unrelated claims and parties").

Having reviewed de novo those portions of the R. & R. to which Tran objects, see 28 U.S.C. § 636(b)(1)(C), the Court accepts the findings and recommendations of the Magistrate Judge. It THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing it and the FAC with prejudice.[2]

DATED: August 8, 2022                    /s/
                                    ─────────────────────
                                    VALERIE BAKER FAIRBANK
                                    U.S. DISTRICT JUDGE

---

[2] On May 24, 2022, Tran requested an update on the status of his case. His request is GRANTED, as outlined above.